(25 Misc. Rep. 61.)

## STAFFORD v. CARRAGAN.

(Supreme Court, Special Term, New York County. October, 1898.)

TRUSTS—MUTUAL OBLIGATIONS—NONPERFORMANCE—ENFORCEMENT.

Where a friendly creditor had bought in his debtor's manufacturing business on execution sale, and then had employed him as manager, and continued the business in his name as "agent," on a trust to turn it over to him when the creditor was fully paid, and on the refusal of such creditor to discharge the bookkeeper said manager left his employment and established a rival concern, it was such an inexcusable nonperformance of his own part of the agreement as to defeat the enforcement of the trust.

Action by Arthur Stafford against George Carragan to establish a trust in a business property and for an accounting. Judgment for defendant.

W. C. Percy, for plaintiff.

Paul M. Herzog, for defendant.

BISCHOFF, J. The plaintiff, having been for many years engaged in the business of an ink and stencil manufacturer, and being the proprietor of the place of business conducted by him in this city, became financially embarrassed to such a degree that the sale of all his stock and plant at the instance of creditors, with a consequent wiping out of his business, was imminent. In these straits he sought the aid of the defendant, who theretofore had consistently befriended him, and to whom he was under actual pecuniary obligations to a considerable amount, with the result that the claim of the more hostile and insistent of the creditors, already pressed to execution, was bought by the defendant, and the sale under the execution was suffered to proceed, but to the end that the property thus sold might be bid in by the defendant and the business preserved. This

was done, and defendant became possessed of this ink and stencil business, but his outlay in the plaintiff's behalf, as represented by his former advances (for which judgment was confessed), and by the price paid upon the purchase of the hostile judgment, was far from being repaid by the sale under execution, and it was the defendant's hope that from the future conduct of the business, with the aid of the plaintiff's experience and ability, profits would be realized which would finally satisfy the debt. Accordingly, the business was re-opened by the defendant, on the day succeeding the sale, under the name "Arthur Stafford, Agent," but the written agreement entered into between the parties was to the effect that Stafford was in the defendant's employ as manager merely, and that this was the extent of his actual interest was testified by him when examined in supplementary proceedings at the instance of another creditor. This action is brought to establish a trust agreement, whereby it is claimed the property of the business was to be viewed as held by the defendant for the plaintiff's ultimate benefit, to be transferred to the latter when the accrued profits had sufficed to satisfy his indebtedness to the defendant, and an accounting is sought, not upon the ground that sufficient profits have been realized, but because of the defendant's alleged breach of the agreement in discharging the plaintiff from his employ.

There is no doubt that the defendant's intention was to give this business to the plaintiff should all the indebtedness be finally discharged. This attitude was consistent with his long-continued course of kindness towards the plaintiff, and the intention is not disputed. It would seem, however, to be most improbable that an agreement to this effect should have been understood by the parties to exist, since the risk of loss was all the defendant's and the prospective benefit all the plaintiff's. Still, it might be possible to infer the existence of some such agreement from the fact that, before the sheriff's sale, the defendant declared his charitable intention to the plaintiff, and it may be that the latter relied upon the declaration, and was content to forego something upon the strength of it, although in what manner he could have bettered his position it is not easy to conceive. But, assuming the trust, there can be no question that the agreement contemplated the plaintiff's sedulous application of his efforts to the success of the business until such time as the defendant's pecuniary advances were repaid, and here he signally failed of his duty by abandoning the defendant's interests, and setting up a place of business in distinct rivalry. At this time the defendant had been repaid but a small proportion of the sums due to him, and by the plaintiff's action he was put to the hazard of personally continuing a business with which he was quite unfamiliar, should he desire to escape a loss of the money which he had expended. The contention that plaintiff was discharged by the defendant is not supported by the facts as I must find them upon the evidence. There is some conflict of testimony as to what took place at the interview which resulted in the severance of the parties' relations, but, upon this issue, I am impressed with the truth of the defendant's testimony. It appears that the plaintiff withdrew from the business upon the defendant's refusal to discharge his cousin, Henry K. Carragan, from the position of bookkeeper;

plaintiff having put defendant to the alternative of losing his services or of discharging this bookkeeper, and defendant very reasonably elected to retain the latter. It is to be remembered that the business was not now under the plaintiff's proprietorship, but was owned by the defendant, and for the plaintiff to dictate to defendant upon the question of retaining a co-employé was wholly without warrant. Had the plaintiff been compelled to leave the business because of acts of the defendant which were calculated to impede the ultimate success of the undertaking and to render the plaintiff's efforts useless, the cause of action would have support; but here it appears that defendant conducted himself throughout with a view only to the best interests of the business, and uniformly treated the plaintiff with extreme fairness. Excuse for the plaintiff's nonperformance of the alleged agreement cannot, therefore, be found in the facts, and there should be judgment for the defendant for the dismissal of the complaint upon the merits, with costs.

Judgment for defendant, with costs.